# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| DEANDRA M. LEE, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 14-0170-WS-C |
| MICHAEL JACKSON, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION

Plaintiff, an Autauga Metro Jail inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and §1915A(b)(1).

**I. Complaint (Doc. 1).**

The sole defendant to this action is Michael Jackson, District Attorney for Dallas County, Alabama. (Doc. 1 at 4). In the very brief complaint, plaintiff alleges that on June 6, 2012, according to his family members, defendant Jackson "called a meeting and press conference with the victims['] family and Channel 8 news to condem[n] and degrade [his] character and reputation by slander and def[a]mational influence to the public of local and surrounding counties leaving them to believe [he] was a heartless career criminal of the City of Selma/Dallas County." (*Id.* at 3). Plaintiff alleges that on June 6, 2012 from 5:00 p.m. to 5:30 p.m., Channel 8 of Selma/Dallas County aired a news broadcast at the victims' residence. (*Id.* at 4). Plaintiff claims that this is

"harassment/slander-defamation of character and reputation/Fifteenth and Fourteenth Amendment violations." (*Id.*). For relief, plaintiff requests a public apology and "total enumeration for pain and suffering of lost wages, emotion[al] distress etc." (*Id.* at 6).

**II. Standards of Review Under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).**

Because plaintiff is proceeding *in forma pauperis*, the Court is reviewing his complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).[1] A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. *Id.*

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966

---

[1] The frivolity and the failure-to-state-a-claim analysis contained in *Neitzke v. Williams* was unaltered when Congress enacted 28 U.S.C. § 1915(e)(2)(B) in 1996. *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir.), *cert. denied*, 534 U.S. 1044 (2001). However, dismissal is now mandatory under § 1915(e)(2)(B). *Id.* at 1348-49.

(second brackets in original). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949. Furthermore, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones v. Bock*, 549 U.S. 199, 215, 127 S.Ct. 910, 920-21, 166 L.Ed.2d 798 (2007).

When considering a *pro se* litigant's allegations, a court holds them to a more lenient standard than those of an attorney, *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972), but the court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Randall v. Scott*, 610 F.3d 701, 710 (11th Cir. 2010) (relying on *Iqbal*, 556 U.S. 662, 129 S.Ct. 1937). The factual allegations are treated as true by the court, but conclusory assertions or a recitation of a cause of action's elements are not. *Iqbal*, 566 U.S. at 681, 129 S.Ct. at 1951. In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

**III. Analysis.**

    **A. Claims for Harassment, Slander, and Defamation.**

        **1. Fourteenth Amendment.**

Plaintiff's claim is based on what defendant Jackson said to the public which was then repeated on the televised news. Plaintiff does not advise what was said, but he concludes that the comments constituted harassment, slander, and defamation of character and reputation, and made him out to be a heartless career criminal.

3

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate that the complained of "conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986). A person's reputation by itself, however, is not a "liberty" or "property" interest that is protected by the Fourteenth Amendment and its due process principles. *Moncrieffe v. Broward Cnty. State Attorney's Office*, 516 F. App'x 806, 807 (11th Cir. 2013) (unpublished).[2] "[N]o constitutional doctrine [exists] converting every defamation by a public official into a deprivation of liberty within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Paul v. Davis*, 424 U.S. 693, 702, 96 S.Ct. 1155, 1161, 47 L.Ed.2d 405 (1976). That is,"[a]n alleged act of defamation of character or injury to reputation is not cognizable in a complaint filed under § 1983." *Padgett v. Mosley*, CA No. 2:05-cv-0608-MEF, 2007 WL 2409464, at *7 (M.D. Ala. Aug. 20, 2007) (unpublished).

"Defamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation." *Siegert v. Gilley*, 500 U.S. 226, 233, 111 S.Ct. 1789, 1794, 114 L.Ed.2d 277 (1991). The state-tort of defamation encompasses slander, which is based on an oral statement, as compared to a written statement. BLACK'S LAW DICTIONARY, *Defamation* (9th ed. 2009). Likewise, slander is not recognized as a violation of federal law. *Charles v. Scarberry*, 340 F. App'x 597, 599-600 (11th Cir. 2009) (unpublished); *see Barley v. Autauga Cnty. Comms's*, CA No. 2:14-CV-55-TMH, 2014 WL 584255, at *2 (M.D. Ala. 2014) (unpublished) (A "slander and defamation claim fails to state a claim of

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

constitutional proportion since the Constitution does not forbid defamation, libel or slander."). Furthermore, plaintiff's allegation of harassment is conclusory, although it appears to share the same basis in fact as the claims for defamation and slander. Nonetheless, verbal harassment alone does not violate a federal right. *Bell v. Holder*, CA No. 2:11-CV-488-WHA, 2011 WL 7472930, at *7 (M.D. Ala. Nov. 14, 2011) (unpublished) (collecting cases). Accordingly, the undersigned finds that plaintiff's claim for a violation of the Fourteenth Amendment under § 1983 is frivolous and is due to be dismissed with prejudice.

### 2. Fifteenth Amendment.

In addition, plaintiff complains that his Fifteenth Amendment rights were violated. The Fifteenth Amendment provides: "Section 1. The right of citizens of the United States to vote shall not be denied or abridged by the United States or by any State on account of race, color, or previous condition of servitude - Section 2. The Congress shall have power to enforce this article by appropriate legislation." U.S. CONST. amend. XV. Plaintiff's allegations, however, are not consistent with a claim for a violation of the Fifteenth Amendment. Therefore, plaintiff's claim for a Fifteenth Amendment violation is frivolous. *See New Alliance Party of Ala. v. Hand,* 933 F.2d 1568, 1570 n.2 (11th Cir 1991) (declining to address a Fifteenth Amendment claim as no evidence or arguments were before the court based on the amendment).

### B. Action's Dismissal as Malicious.

The Court observes that an alternate basis for dismissing this action exists. Plaintiff's action can also be dismissed because it is malicious. *See* 28 U.S.C. §1915(e)(2)(B)(i). When the complaint form asked plaintiff if he previously filed actions dealing with similar facts or with his imprisonment, he indicated that he had no prior actions and proceeded to sign his complaint under penalty of perjury. (Doc. 1 at 2, 6).

5

However, the Court discovered through PACER ("Public Access to Court Electronic Records") that plaintiff filed one prior action, *Lee v. Alabama Bureau of Investigation,* CA No. 2:14-CV-0068-WHA-WC (M.D. Ala. June 2, 2014) (unpublished).

An action is deemed malicious when a prisoner plaintiff affirmatively misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs it under penalty of perjury, as such a complaint "constitutes abuse of the judicial process warranting dismissal of the case without prejudice." *Thompson v. Quinn,* No. 3:11cv533/RV/EMT, 2012 WL 6761569, at *1 (N.D. Fla. Dec. 4, 2012) (unpublished) (collecting cases), *adopted*, 2013 WL 45259 (N.D. Fla. Jan. 2, 2013); *see Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (upholding counting an action as a strike under § 1915(g) that was dismissed for an abuse of legal process when the inmate lied under penalty of perjury about a prior lawsuit), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 215-17 (2007); *Harris v. Warden*, 498 F. App'x 962, 964 (11th Cir. 2012) (unpublished) (dismissing without prejudice an action for abuse of process when the inmate failed to disclose his litigation history in his original and amended complaints even though the form complaint described the type of cases he was bound to disclose); *Jackson v. Florida Dep't of Corrs.*, 491 F. App'x 129, 132 (11th Cir. 2012) (unpublished) (affirming the dismissal without prejudice of inmate's action as malicious because he abused the judicial process when under penalty of perjury he represented in his complaint that he had no action dismissed prior to service process, whereas he had two, one of which was contained in the complaint but not in the section inquiring about such cases), *cert. denied*, 133 S.Ct. 2050 (2013); *Redmon v. Lake County Sheriff's Office*, 414 F. App'x 221, 223, 225-26 (11th Cir. 2011) (unpublished) (affirming the dismissal without prejudice of the inmate's action signed under penalty of perjury which was found to be abusive when he did not disclose a lawsuit that he filed when the complaint form asked

for disclosure of all lawsuits relating to his imprisonment or conditions of imprisonment, regardless of his response that he did not understand the form); *Shelton v. Rohrs*, 406 F. App'x 340, 340 (11th Cir. 2010) (unpublished) (affirming the dismissal without prejudice of the inmate's complaint under § 1915(e)(2)(B)(i) for an abuse of process after he checked "no" to the complaint form's question asking if he had filed other actions in state or federal court because the case management system reflected he had filed four actions and he would have known that he had filed multiple actions, thereby rejecting his argument that he did not remember filing any civil actions and his records were inaccessible); *Young v. Secretary Fla. Dep't of Corrs.*, 380 F. App'x 939, 940 (11th Cir. 2010) (unpublished) (affirming the *sua sponte* dismissal of the inmate's action pursuant § 1915(e)(2)(B)(i) for an abuse of process when he did not disclose his prior lawsuits in spite of his argument that he no longer had access to the documents so he could answer fully due to the rule regarding "excess legal material"); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (unpublished) (affirming the dismissal of an inmate's § 1983 action for an abuse of process because he responded with "no" to the complaint form's question asking whether he had brought any other lawsuits dealing with facts other than those in his action because he had in fact brought other lawsuits and the question was not ambiguous; "the district court was correct to conclude that to allow Hood to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process"). Furthermore, when a court dismisses without prejudice an action that it finds malicious, it must consider whether the action may be re-filed or if the dismissal without prejudice is effectively a dismissal with prejudice due to the statute of limitations preventing the plaintiff from re-filing the action. *Stephenson v. Warden, Doe*, 554 F. App'x 835, 838 (11th Cir. 2014) (unpublished); *see Schmidt v. Navarro*, __ F. App'x __, 2014 WL 3906465, at *2 (11th Cir. Aug. 12, 2014)

(unpublished) (affirming the action's dismissal without prejudice by the district court when it found the action to be malicious because plaintiff failed to advise of prior lawsuits as required by the complaint form, and noting the complaint could be re-filed as the statute of limitations had not expired).

In the present complaint, plaintiff denies under penalty of perjury that he previously brought an action. PACER, however, indicates that he previously brought an action complaining about his incarceration, namely, *Lee v. Alabama Bureau of Investigation*, CA No. 2:14-CV-0068-WHA-WC (M.D. Ala. June 2, 2014). In *Rivera, supra,* the Eleventh Circuit affirmed the district court's dismissal of the prisoner's action without prejudice as a sanction for "abus[ing] the judicial process" when he lied under penalty of perjury about the existence of a prior lawsuit, and the district court's treatment of the dismissal as a strike. 144 F.3d at 731. In the subsequent case of *Pinson v. Grimes,* 391 F. App'x 797 (11th Cir.) (unpublished), *cert. denied,* 131 S.Ct. 527 (2010), the Eleventh Circuit, relying on *Rivera*, affirmed the district court's "finding an abuse of judicial process and issuing a strike" when the prisoner had only listed two prior cases despite having filed two other federal cases within the prior month. *Id.* at 799.

When plaintiff filed the present action, he knowingly chose not to list his prior action, even though he was well aware of it. He had filed it on January 31, 2014, less than three months before this action's filing on April 11, 2014. (Doc. 1). Nonetheless, the plaintiff proceeded to sign the present complaint under penalty of perjury without mentioning his prior action. (Doc. 1 at 7). This type of behavior by a prisoner plaintiff is deemed by the courts to be an abuse of the judicial process, warranting the dismissal of the action as malicious pursuant to § 1915(e)(2)(B)(i) and § 1915A(b)(1) and it being

8

counted as a strike for § 1915(g) purposes. *Rivera, supra; Pinson, supra.*[3] Furthermore, the Court is aware that the dismissal of this complaint without prejudice would effectively be a dismissal with prejudice as the date of the occurrence is given as June 6 and 7, 2012. Thus, plaintiff will not be able to refile a viable complaint because it will be barred by the two-year statute of limitations that applies to § 1983 actions filed in federal court. *Lufkin v. McCallum*, 956 F.2d 1104, 1106, 1108 (11th Cir.), *cert. denied*, 506 U.S. 917 (1992); ALA. CODE § 6-2-38(l). If the dismissal were to be made solely on the ground that this action is malicious, the Court would be required to consider lesser sanctions due to the statute-of-limitations bar. *Schmidt,* 2014 WL 3906465, at *2. A lesser sanction in such an instance would be inadequate inasmuch as plaintiff sought leave to proceed *in forma pauperis* by filing a motion to proceed without prepayment of fees, which indicates to the Court that a monetary sanction, being a lesser sanction, would not be suited.

**V. Conclusion.**

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P.

---

[3] In the Recommendation of the Magistrate Judge entered in *Lee v. Alabama Bureau of Investigation,* CA No. 2:13-cv-68-WHA [WO], on March 24, 2014, the court advised plaintiff that claims for slander and defamation do not state a constitutional claim. (Doc. 10 at 9-10). Despite having this knowledge, plaintiff filed the present complaint.

72(b); S.D. ALA. L.R. 72.4.  The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's *factual findings*."  *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2013).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this 23rd day of September, 2014.

s/ WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE